1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JASON LEROY COOPER,

11                 Petitioner,              No. CIV S-09-3093 FCD DAD P

12         vs.

13   WARDEN HARRINGTON,                     ORDER AND

14                 Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  On December 2, 2009, the undersigned ordered respondent

18   to file and serve a response to the petition.  On January 28, 2010, respondent filed the pending

19   motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism

20   and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner has filed an opposition to the

21   motion, and respondent has filed a reply.[1]

22   /////

23

24         [1]  On March 10, 2010, the court ordered petitioner to file and serve an opposition to
     respondent's motion to dismiss and show cause in writing why sanctions should not be imposed for
25   his failure to file a timely opposition to the motion.  In response to the court's order, petitioner filed
     an opposition to respondent's motion.  Good cause appearing, the court will discharge its order to
26   show cause.

                                              1

**BACKGROUND**

On August 7, 2006, a Siskiyou County Superior Court jury found petitioner guilty of first-degree murder and conspiracy to commit murder.  The jury also found a number of sentencing enhancement allegations to be true.  On September 28, 2006, the trial court sentenced petitioner to an indeterminate state prison term of life without the possibility of parole for the murder conviction, a consecutive twenty-five years to life term for the conspiracy conviction, and additional terms on the enhancements.  (Pet. at 2; Resp't's Lodged Docs. 1-2.)

On September 25, 2007, the California Court of Appeal for the Third Appellate District stayed petitioner's twenty-five years to life sentence for the conspiracy conviction, instructed the Superior Court to amend the abstract of judgment to reflect the stay of the sentence on the conspiracy conviction and its related enhancements, and affirmed the judgment in all other respects.  On December 12, 2007, the California Supreme Court denied review.  On January 7, 2008, the Siskiyou County Superior Court issued an amended abstract of judgment to reflect the Court of Appeal's stay of petitioner's conspiracy sentence and its related enhancements.  (Pet. at 3; Resp't's Lodged Docs. 2-5.)

Petitioner subsequently filed three petitions seeking habeas corpus relief in state court.  Under the mailbox rule, on April 6, 2009, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on September 9, 2009.  On July 2, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on July 30, 2009.  Finally, on August 5, 2009, petitioner filed a second petition for writ of habeas corpus in the California Supreme Court which was denied on March 10, 2010.  (Resp't's Lodged Docs. 6-12.)

On September 15, 2009, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.

/////

/////

**RESPONDENT'S MOTION TO DISMISS**

I.  Respondent's Motion

Respondent moves to dismiss the pending petition, arguing that it is time-barred. Specifically, respondent argues that on December 12, 2007, the California Supreme Court denied petitioner's petition for review, causing his judgment of conviction to become "final" on March 11, 2008, after the time for filing a petition for writ of certiorari expired.  Respondent argues that the one-year statute of limitations for the filing a federal habeas petition began to run the following day, on March 12, 2008, and expired one year later on March 11, 2009.  (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period. Respondent argues, however, that petitioner did not file his first state habeas petition until after the statute of limitations for the filing of a federal petition had expired.  Respondent argues that petitioner's filings in state court after the AEDPA statute of limitations expired cannot serve to extend that limitations period.  (Resp't's Mot. to Dismiss at 3-4.)

II.  Petitioner's Opposition

In opposition to respondent's motion to dismiss, petitioner appears to agree with respondent that his petition is untimely.  However, petitioner argues that prison officials withheld his legal documents from him, specifically his trial transcripts, for more than four months.  He has  attached to his opposition copies of correspondence from prison officials and a copy of his inmate log showing that prison officials received five boxes of his legal materials on December 17, 2007, but did not issue them to him until May 2, 2008.  Petitioner has also attached to his opposition copies of his inmate appeals requesting his legal documents.  (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-3 & Attachs.)

/////

/////

1   III.  Respondent's Reply

2              In reply, respondent argues that any alleged delay petitioner experienced in

3   receiving his legal materials does not excuse the untimeliness of his federal petition.

4   Specifically, respondent argues that even assuming petitioner's alleged lack of access to his legal

5   materials qualifies for equitable tolling of the AEDPA statute of limitations, petitioner's federal

6   habeas petition would still be untimely.  In this regard, respondent contends that although

7   petitioner may have been without his legal materials as early as December 17, 2007, the statute of

8   limitations in this case did not begin to run until March 12, 2008.  Granting petitioner equitable

9   tolling from the start of the statute of limitations until the time he received his legal materials

10  would, according to respondent, also entitle petitioner to statutory tolling for the time that his

11  first and second habeas petitions were pending in state court.  However, respondent argues that

12  petitioner would not be entitled to statutory tolling for the time that his third habeas petition was

13  pending in state court because the California Supreme Court denied that petition with a citation

14  to In re Robbins, which means it was not "properly filed" for purposes of statutory tolling.

15  Granting petitioner the benefit of equitable tolling and statutory tolling for the periods noted

16  above, respondent contends that the statute of limitations for the filing of a federal petition would

17  still have expired in August 2009.  However, petitioner did not file his federal petition until

18  September 2009.  Accordingly, respondent reiterates that petitioner's federal habeas petition is

19  untimely and should be dismissed.  (Resp't's Reply at 1-6.)

20                                          **ANALYSIS**

21  I.  The AEDPA Statute of Limitations

22              On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244

23  by adding the following provision:

24              (d)(1)  A 1-year period of limitation shall apply to an application
            for a writ of habeas corpus by a person in custody pursuant to the
25          judgment of a State court.  The limitation period shall run from the
            latest of –
26

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

As noted above, on August 7, 2006, a Siskiyou County Superior Court jury found petitioner guilty of first-degree murder and conspiracy to commit murder. The jury also found a number of sentencing enhancement allegations to be true. On September 28, 2006, the trial court sentenced petitioner to an indeterminate state prison term of life without possibility of parole for the murder conviction, a consecutive term of twenty-five years to life for the conspiracy conviction, and additional terms for the enhancements. (Pet. at 2; Resp't's Lodged Docs. 1-2.)

On September 25, 2007, the California Court of Appeal for the Third Appellate District stayed petitioner's twenty-five years to life sentence for the conspiracy conviction, instructed the Superior Court to amend the abstract of judgment to reflect the stay of the conspiracy punishment and its attached enhancements, and affirmed the judgment in all other

5

1 respects. On December 12, 2007, the California Supreme Court denied review. On January 7,

2 2008, the Siskiyou County Superior Court issued an amended abstract of judgment to reflect the

3 Court of Appeal's stay of petitioner's conspiracy sentence and its attached enhancements. (Pet.

4 at 3; Resp't's Lodged Docs. 2-5.)

5         Where, as here, the California Court of Appeal remands a case to the Superior

6 Court to issue an amended judgment to reflect the appellate court's opinion, the petitioner's

7 conviction becomes final for purposes of federal habeas review upon conclusion of direct review

8 of the amended judgment or upon the expiration of time for seeking such review. See Burton v.

9 Stewart, 549 U.S. 147, 156-57 (2007) (the AEDPA "limitations period did not begin until both

10 [the petitioner's] conviction *and* sentence 'became final by the conclusion of direct review or the

11 expiration of the time for seeking such review'"); see also Rucker v. Clark, No. CV 07-1392

12 AHS (OP), 2008 WL 657950 at *3 (C.D. Cal. Mar. 5, 2008) (petitioner's conviction became

13 final sixty days after trial court issued amended judgment in accordance with court of appeal's

14 opinion; Cuadras v. Evans, No. CIV S-07-0222 LKK GGH, 2007 WL 4570815 at *2 (E.D. Cal.

15 Dec. 27, 2007) (same); Lor v. Kramer, CIV F 05-1556 AWI SMS HC, 2006 WL 3388534 at *2

16 (E.D. Cal. Nov. 22, 2006) (same). Cf. United States v. LaFromboise, 427 F.3d 680, 683 (9th Cir.

17 2005) ("Without that amended judgment, we hold, LaFromboise's conviction is not yet final and

18 the one-year statute of limitation period [under § 2255] has not begun to run.")

19         Here, petitioner did not appeal from the Siskiyou County Superior Court's

20 amended judgment of conviction. Accordingly, his conviction became final on March 7, 2008,

21 after the sixty-day period for filing a direct appeal with the California Court of Appeal expired.

22 See Cal. Rules of Court 8.308. The AEDPA statute of limitations period began to run the

23 following day, on March 8, 2008, and expired one year later on March 7, 2009. Even with

24 application of the mailbox rule, petitioner did not file his original federal habeas petition with

25 this court until September 15, 2009. Accordingly, petitioner's federal petition for writ of habeas

26 corpus is untimely unless he is entitled to the benefit of tolling.

1   III.  Application of § 2244(d)(2)

2   　　　　　"The time during which a properly filed application for State post-conviction or

3   other collateral review with respect to the pertinent judgment or claim is pending shall not be

4   counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

5   limitations is not tolled during the interval between the date on which a judgment becomes final

6   and the date on which the petitioner files his first state collateral challenge because there is no

7   case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner

8   commences state collateral proceedings, a state habeas petition is "pending" during a full round

9   of review in the state courts, including the time between a lower court decision and the filing of a

10  new petition in a higher court, as long as the intervals between the filing of those petitions are

11  "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

12  　　　　　In this case, petitioner filed three petitions seeking habeas corpus relief in state

13  court.  However, petitioner did not file his first state habeas petition in the California Supreme

14  Court until April 6, 2009, after the statute of limitations for the filing of a federal habeas petition

15  had expired.  It is well established that "section 2244(d) does not permit the reinitiation of the

16  limitations period that has ended before the state petition was filed."  Fergusen v. Palmateer, 321

17  F.3d 820, 823 (9th Cir. 2003).  Accordingly, by the time petitioner filed his original federal

18  habeas petition in this court on September 15, 2009, the AEDPA statute of limitations had

19  expired, rendering petitioner's federal habeas petition time-barred.

20  IV.  Equitable Tolling

21  　　　　　The United States Supreme Court has held that, "a litigant seeking equitable

22  tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights

23  diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo,

24  544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, 549 U.S. 327, 328 (2007) (assuming

25  without deciding that equitable tolling applies to § 2244(d)).  The Ninth Circuit has stated that

26  "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might

7

1  otherwise prevent a good faith litigant from having a day in court." Harris v. Carter, 515 F.3d

2  1051, 1055 (9th Cir. 2008).  Nonetheless, equitable tolling of the AEDPA statute of limitations

3  will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002);

4  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Moreover, a habeas petitioner seeking

5  equitable tolling must show that the extraordinary circumstances alleged were the "but for" and

6  proximate cause of the untimely filing of his federal petition.  See Bryant v. Ariz. Atty. Gen., 499

7  F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

8          Here, petitioner argues that he is entitled to equitable tolling of the statute of

9  limitations for the time that prison officials withheld his legal documents.  Denial of access to

10  legal materials may serve as grounds for equitable tolling.  See Espinoza-Matthews v. California,

11  432 F.3d 1021, 1028 (9th Cir. 2005) ("Because Espinoza-Matthews was denied access to his

12  legal materials for the duration in which he was housed in Ad/Seg, we will toll the statute of

13  limitations for that entire period[.]"); Lott v. Mueller, 304 F.3d 918, 921-24 (9th Cir. 2002) (a

14  petitioner who was denied access to his legal files for 82 days during two temporary transfers and

15  obtained the return of those materials shortly before the AEDPA statute of limitations expired

16  had encountered extraordinary circumstances sufficient to warrant equitable tolling); see also

17  Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (It is "unrealistic to expect [a habeas

18  petitioner] to prepare and file a meaningful petition on his own within the limitations period"

19  without access to his legal file).

20          However, even assuming for the sake of argument that petitioner has been diligent

21  in pursuing his rights and that prison officials' withholding of his legal documents in this case

22  constituted "extraordinary circumstances," his habeas petition filed with this court would still be

23  untimely.  Specifically, under this scenario, petitioner would be entitled to equitable tolling for

24  56 days, from March 8, 2008 (the commencement of the statute of limitations when prison

25  officials were allegedly still withholding his legal documents) to May 2, 2008 (the date prison

26  officials released to him his legal documents).  In addition, with the grant of equitable tolling,

1   petitioner would have filed his first state habeas petition prior to the expiration of the AEDPA

2   statute of limitations period and would be entitled to statutory tolling for 115 days, from April 6,

3   2009, the date he filed his first habeas petition in the California Supreme Court, to September 9,

4   2009, the date the court denied his petition.[2]  However, as respondent observes, petitioner would

5   not be entitled to any further statutory tolling for the time that his third state habeas petition was

6   pending because the California Supreme Court denied that petition with a citation to In re

7   Robbins, (1998) 18 Cal.4th 770, 780.  See Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007)

8   (a state habeas corpus petition denied with a citation to "the very page of Robbins that sets forth

9   'the basic analytical framework' governing California's timeliness determinations in habeas

10   corpus proceedings" is a clear ruling that the state petition was untimely and not properly filed

11   for purposes of statutory tolling).

12        Granting petitioner the benefit of equitable tolling and statutory tolling for the

13   periods above would extend the expiration date of the statute of limitations from March 7, 2009,

14   to August 25, 2009.  As noted above, however, under the mailbox rule, petitioner did not file his

15   federal habeas petition in this court until September 15, 2009, after the AEDPA statute of

16   limitations had expired.  Accordingly, even under this best case scenario for petitioner, his

17   federal petition for writ of habeas corpus is time-barred and should therefore be dismissed with

18   prejudice.

19                   **CONCLUSION**

20        IT IS HEREBY ORDERED that the court's March 10, 2010 order to show cause

21   is discharged.

22   /////

23   /////

24

25        [2] Petitioner is entitled to statutory tolling for the period that his first and second petitions for habeas corpus relief were pending in the state courts.  However, petitioner's first petition filed in the

26   California Supreme Court was still pending and overlapped his second state habeas petition filed with the California Court of Appeal.

IT IS HEREBY RECOMMENDED that:

1.  Respondent's January 28, 2010 motion to dismiss (Doc. No. 11) be granted; and

2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 20, 2010.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
coop3093.157

10